UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANAS ELHADY,

    Plaintiff,

v.

UNIDENTIFIED CBP AGENTS,

    Defendants,

Case No. 17-cv-12969

HON. MARK A. GOLDSMITH

_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY (DKT. 16) AND DENYING PLAINTIFF'S EMERGENCY MOTION TO EXPEDITE (DKT. 24)

In this action, Plaintiff Anas Elhady seeks damages for claims directly under the Fifth Amendment and the Eighth Amendment against certain unidentified U.S. Customs and Border Patrol agents for allegedly subjecting him to torture when he was stopped at the border in Detroit. See First Amended Complaint (Dkt. 21). To learn the identity of the agents, Elhady filed a motion for discovery prior to the convening of a conference under Federal Rule of Civil Procedure 26(f). See Pl. Mot. for Leave (Dkt. 16). He also filed a motion seeking an expedited decision on the motion to take discovery, or in the alternative, for equitable tolling of the statute of limitations. See Mot. to Expedite (Dkt. 24). Although not a party, the United States filed a statement of interest (Dkt. 20), urging the Court to deny the motion to take discovery, on the grounds that Elhady's then operative pleading – the original complaint (Dkt. 1) – failed to state a claim. Elhady replied to the statement of interest (Dkt. 22) and appeared, through counsel, at a hearing conducted on April 26, 2018; the United States did not formally appear at the hearing.

1

Having reviewed the written submissions and the arguments made at the hearing, the Court grants the motion for leave to take discovery. Good cause is generally required for such relief, but that is satisfied here, given that a scheduling conference cannot be convened, nor this case proceed in any fashion, without identification of the Defendants. See, e.g., UMG Recordings, Inc. v Doe, No. C-08-03999 RMW, 2008 WL 4104207 at *2 (N.D. Cal. Sept. 4, 2008) (allowing early discovery to learn identity of defendant because "[o]bviously, a plaintiff cannot have a discovery planning conference with an anonymous defendant").

Some courts have disallowed early discovery where discovery will likely not be fruitful or the claim is not legally viable. See, e.g., Frost v Young, No. 2:12-CV-1985, 2012 WL 6043031 at *4 (W.D. La. Dec. 3, 2012) ("[C]ourts typically grant the plaintiff an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.").

However, the United States undoubtedly knows who was policing the Detroit/Windsor border on the day in question, so discovery will likely be fruitful. And as for the merits, it is premature to weigh in on the viability of Plaintiff's claims. The Government may be correct in its assertion that Plaintiff has no Eighth Amendment claim because he was not being punished for a criminal offense, but Plaintiff amended his complaint to assert a Fifth Amendment due process claim to obviate that issue, to which the Government has chosen not to respond.

It is also possible, as the Government claims, that Plaintiff has no Bivens[1] claim, on the theory that the Supreme Court has narrowly confined Bivens claims to circumstances that do not embrace the circumstances alleged here. But Plaintiff points to the fact that the most recent Supreme Court decision under the Bivens doctrine in a related context, Ziglar v Abbasi, 137 S.Ct.

---

[1] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

1483 (2017), expressly declined to address the application of <u>Bivens</u> to abuse of individuals held on immigration charges at detention centers, instead remanding the case to lower courts for further consideration of that issue. Plaintiff also points to a post-<u>Ziglar</u> case, <u>Hawk v. Two USM's Names Unknown</u>, No. 17-00004, 2017 WL 3261460 (D. Mont. July 10, 2017), which refused to dismiss a <u>Bivens</u> claim for abusive pretrial detention. While the positions staked out by the Government may ultimately be vindicated, the issues should be addressed through full briefing after all parties have appeared.

Elhady may take discovery limited to the purpose of determining the identity of the agents who allegedly tortured him. This discovery shall be completed no later than June 15, 2018. Any Defendant shall be named in an amended complaint that the Court now grants leave to file no later than June 29, 2018.

Elhady's second motion is denied. The request for expedited decision is mooted by the granting of the first motion. And the request for equitable tolling is premature, inasmuch as no decision can be made on equitable tolling until Defendants are named and have an opportunity to raise a limitations defense and respond to any request for tolling that Plaintiff may later make.

SO ORDERED.

Dated: April 27, 2018　　　　　　　　　　　　s/Mark A. Goldsmith  
　Detroit, Michigan　　　　　　　　　　　　　MARK A. GOLDSMITH  
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 27, 2018.

　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky  
　　　　　　　　　　　　　　　　　　　　　　Case Manager