UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANAS ELHADY,

    Plaintiff,

v.

MATTHEW PEW, et al,

    Defendants,
_____/

Case No. 17-cv-12969

HON. MARK A. GOLDSMITH

## ORDER REGARDING JUNE 28, 2019 STATUS CONFERENCE

Following the filing of the Joint Status Report Regarding Progress of Discovery (Dkt. 74), the Court held a telephonic status conference in this matter on June 28, 2019; all parties were represented at the conference, in addition to non-parties Customs and Border Protection ("CBP") and Federal Bureau of Investigation ("FBI"). As discussed during the conference, due to the dates already set out in the case management and scheduling order (Dkt. 59) – including the close of discovery on October 4, 2019; a dispositive motion cutoff date of October 18, 2019; and a jury trial on March 23, 2019 – the parties' proposal to defer consideration of certain objections until other objections are resolved is not workable. Moreover, the purported justification for the deferral may well evaporate based on the Court's guidance on the disputed categories of documents, as set forth below. Accordingly, the Court sets the following schedule for resolution of discovery disputes:

- Any issues related to document production that Plaintiff wishes to raise must be raised in a motion to compel to be filed by **July 26, 2019.**

1

- Any party or non-party to whom the motion to compel is directed must file its response by **August 9, 2019**. This response must raise every objection that the party or non-party intends to assert in opposition to the discovery.
- Plaintiff's reply must be filed by **August 16, 2019.**

The Joint Status Report states that the parties are at an impasse regarding certain discovery requests by Plaintiff, some of which may trigger invocation of certain privileges, such as the law-enforcement privilege and the state-secrets privilege. In continuing to discuss resolution of discovery disputes, the parties should be guided by the Court's view, as expressed at the conference and now in this Order, that this action is about alleged mistreatment of Plaintiff by certain Government officers in April 2015 in a holding cell at the border. The discovery must be confined to such alleged mistreatment or any policy of alleged mistreatment.

The disputed categories of documents that Plaintiff seeks are overbroad and disproportionate to the needs of the case. Plaintiff is entitled to discovery of documents that target whether he was mistreated or whether there are policies in place to mistreat people crossing the border. As phrased, his requests seek broad categories of documents that go well beyond that. Given the obvious law enforcement and security context of this case, Plaintiff is not entitled to rummage through an entire "investigative file" of the incident, or demand "all policies" regarding treatment of individuals on the Terrorist Screening Database, or seek "the training course materials" provided to the individual Defendants, or pore over "any communications between CBP and Canada regarding Elhady." With discovery requests kept within appropriate limits, the need for extensive briefing on privileges may be eliminated or significantly reduced.

SO ORDERED.

Dated: July 1, 2019                             s/Mark A. Goldsmith
      Detroit, Michigan                         MARK A. GOLDSMITH
                                                              United States District Judge